No. 2460.—MARY McDOUGAL WILLIAMS, Wife of WILLIAM VON PHUL, *v.* SUCCESSION OF A. A. WILLIAMS.

The act of Congress, approved March 2, 1867, which authorizes the transfer of causes, under certain circumstances, from the State courts to the federal courts, can only be invoked by the plaintiff or defendant in the cause. It can not be invoked by an intervenor who voluntarily makes himself a party to the suit. Nor will the transfer be allowed if it be made for the first time by the plaintiff or defendant in the appellate court of the State. Such applications to transfer causes from one jurisdiction to another, should be made before the cause was tried in the court of the first instance.

APPEAL from the Second District Court, parish of Orleans. *Duvigneaud, J. Hays & New* and *Campbell, Spofford & Campbell,* for appellant. *H. J. Grover,* for appellee.

TALIAFERRO, J. Alfred A. Williams died in September, 1863, and his wife in 1854. He became tutor to his three minor children, of whom the plaintiff, now the wife of Von Phul, was one. She sues the estate for $71,571, with five per cent. interest from first of March, 1863, being, as she alleges, for property and money derived by inheritance and donations, and which her father as tutor received and never accounted for. She avers that no inventory of her property when a minor was ever made by her tutor, and that he failed to present accounts of his administration of her property.

The dative testamentary executor, himself a coheir with the plaintiff, and another to the succession of their common father, admits that the plaintiff has rights and valid claims against the estate, but says the extent and amount of the same are unascertained and unliquidated; and for the purpose of a legal adjustment thereof, he denies the allegations of the plaintiff's petition and requires proof.

An intervention was filed by Vernon K. Stevenson, a judgment creditor of the estate for $74,000; Joseph A. Cassat for $9500 by note, and N. King Knox for a claim of $10,601. They contest the claims of

the plaintiff as illegal, and deny that she has a legal mortgage on the property of the estate.

The plaintiff had judgment in her favor in the court below for $88,845 87, with five per cent. interest from first of September, 1863, on the sum of $87,012 54, and eight per cent. interest from twelfth of August, 1868, on the sum of $1833 33⅓. The intervention of Stevenson and that of Knox were dismissed; the judgment set up by Stevenson was decreed null and without effect. From this judgment the intervenor, Stevenson, alone has appealed.

In this court the appellant has filed his affidavit under the provisions of the act of Congress, approved second March, 1867, entitled "An act to amend an act entitled an act for the removal of causes in certain cases from State courts," approved July 27, 1866, he being a citizen of New York. He declares that "from prejudice and local influence he has reason to believe, and does really believe, he will not be able to obtain justice in the Supreme Court." He tenders his bond with security, as required by the statute referred to, and prays for the removal of this cause, so far as he is a party and interested therein, to the Circuit Court of the United States for this district.

This court being exclusively appellate in its jurisdiction, is confined to the consideration of appeals taken from final judgments rendered by the inferior courts of the State, except in cases of interlocutory decrees calculated to work irreparable injury. The appellant, if the attitude he occupies in this litigation entitles him to the benefit of the act of Congress referred to, having failed to interpose his right to have the same transferred before the final judgment in the case was rendered by the State tribunal from which he appeals, we think he can not now invoke the aid of the law of Congress. That act provides for the transfer of causes "at any time before the final hearing or trial of the suit." This right, too, seems to be restricted to cases where a citizen of another State than that in which the suit is brought is either plaintiff or defendant. The appellant in the case before us is neither plaintiff nor defendant. He is an intervenor, voluntarily making himself a party in a suit between citizens of the same State, the result of which could ·in no wise have affected his rights had he kept aloof from the controversy. He chose to run the chances of obtaining a judgment in his favor in a·State court, and failing in that, he seeks for better fortune in another tribunal, which is incompetent to revise the judgment appealed from, and which is without jurisdiction *ratione personœ* of the original parties to the suit. We conclude, therefore, that he has no right to claim a transfer of the cause, and his application is therefore refused.

On the merits we find no error in the judgment. The notes on which the appellant's large claim is founded were proved to have been

given for a loan of Confederate money. It was also established that at the time the loan was made and the contract entered into, Stevenson lived in Nashville, Tennessee, then within the Federal lines, and that Williams, who gave the notes, lived in Louisiana. The plaintiff appears to have established with sufficient certainty her claims against the succession, and they were properly allowed.

It is therefore ordered, adjudged and decreed that the judgment of the district court be affirmed, with costs.